**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 21-MJ-2249-GLS** |
| | * | |
| **SHERRIE LYNNE BRYANT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**THIRD CONSENT MOTION TO EXTEND TIME LIMIT FOR PRELIMINARY**
**HEARING UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 5.1(c)**
**AND TO EXCLUDE TIME WITHIN WHICH TO INDICT**
**PURSUANT TO THE SPEEDY TRIAL ACT**

Comes now the United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and Rajeev R. Raghavan, Assistant United States Attorney for said district, and respectfully submits this Motion to Extend the Time Limit for Preliminary Hearing Under Federal Rule of Criminal Procedure 5.1(c) and to Exclude Time Within Which to Indict Pursuant to the Speedy Trial Act.

1.      On August 24, 2021, the Defendant was charged by Criminal Complaint with wire fraud, in violation of 18 U.S.C. § 1343; and false statements, in violation of 18 U.S.C. § 1001.

2.      On August 25, 2021, an Initial Appearance was held before the Honorable Magistrate Judge Gina L. Simms.  The Defendant was ordered released on conditions and a preliminary hearing was scheduled for September 15, 2021.

3.      On September 8, 2021, U.S. Magistrate Judge Gina L. Simms ordered the Government's Consent Motion to Continue Preliminary Hearing and Waive Filing of Indictment. (ECF No. 14.)

4.      On January 12, 2022, Judge Simms ordered the Government's Second Consent Motion to Continue Preliminary Hearing and Waive Filing of Indictment.   (ECF No. 26.)

5.      Pursuant to Federal Rule of Criminal Procedure 5.1(c), a magistrate judge must hold a preliminary hearing no later than 14 days after the initial appearance if the defendant is in custody or no later than 21 days after the initial appearance if the defendant is not in custody. Fed. R. Crim. P. 5.1(c).   A magistrate judge may extend this time limit "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases . . . ." Fed. R. Crim. P. 5.1(d).   "If the Defendant does not consent, the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay."   Fed. R. Crim. P. 5.1(d).

6.      The Speedy Trial Act provides that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ."   18 U.S.C. § 3161(b).   However, "[i]f an individual has been charged with a felony in a district in which no grand jury had been in session during such 30-day period, the period of time for filing the indictment shall be extended an additional thirty days."   18 U.S.C. § 3161(b).   Further, 18 U.S.C. § 3161(h)(7)(A) provides for the exclusion of

> "[a]ny period of delay resulting from a continuance granted by any judge on his [or her] own motion or at the request of the defendant or his [or her] counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(7)(A).   The 30-day period from the date of arrest in this case is September 23, 2021.

7.      In this motion, the Government seeks to both extend the time for holding a preliminary hearing under Fed. R. Crim. P. 5.1(c) until after April 30, 2022, on a date to be determined by the Court and to exclude the time period from August 25, 2021, *nunc pro tunc*,

through April 30, 2022, from the time period for filing an indictment under 18 U.S.C. § 3161(h)(7)(A).

8.      On November 12, 2021, the Government provided an initial discovery production to counsel for the Defendant.   A second discovery production was provided by the Government on March 25, 2022.   There is a significant volume of discovery in this case, which includes financial and tax records.   Due to the volume of discovery, tolling is appropriate in this case so as to allow counsel for the Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."   Additionally, the Government has extended a plea agreement to the Defendant, and which is being considered by the Defendant.   Extending the time for holding a preliminary hearing and allowing counsel for the Defendant the opportunity to review voluminous discovery will allow the parties to engage in a resolution in lieu of trial as well as allow the Defendant to adequately consider the extended plea agreement.   These aforementioned facts establish that the ends of justice served by the requested postponement and exclusion of time outweigh the best interests of the Defendant and the public in a speedy trial, and the requested exclusion of time within which to indict or file an information is therefore justified by 18 U.S.C. § 3161(h)(7).

9.      The Defendant, by and his counsel, consent to this motion, including the extension of time in which a preliminary hearing must be held pursuant to Fed. R. Crim. P. 5.1(d).

Wherefore, the Government respectfully requests that the court enter an Order extending the time for holding a preliminary hearing under Fed. R. Crim. P. 5.1(c) to a date to be determined by the Court after April 30, 2022, and excluding the time period from August 25, 2021, *nunc pro tunc*, through April 30, 2022, from the time period for filing an indictment or information under 18 U.S.C. § 3161(h)(7)(A), and that the Court further Order that the interests of justice served by the requested extension and exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.   A proposed Order is submitted herewith

Respectfully Submitted,

Erek L. Barron
United States Attorney

By:_____/s/_____
Rajeev R. Raghavan
Assistant United States Attorney