

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

KOH

| | | | |
|---|---|---|---|
| *Rajeev R. Raghavan*<br>*Assistant United States Attorney*<br>*Rajeev.Raghavan@usdoj.gov* | *Mailing Address*<br>*6500 Cherrywood Lane, Suite 200*<br>*Greenbelt, MD 20770-1249* | *Office Location*<br>*6406 Ivy Lane, 8th Floor*<br>*Greenbelt, MD 20770-1249* | *DIRECT  301-344-4031*<br>*MAIN  301-344-4433*<br>*FAX  301-344-4516* |

_____ FILED _____ ENTERED

_____ LOGGED _____ RECEIVED

August 3, 2022

OCT **2 7** 2022

Charles Burnham, Esq.
1424 K Street, NW, Suite 500
Washington, DC 20005

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Re:  United States v. Sherrie Lynne Bryant,
      Criminal No. [TBD] / 21-MJ-2249-GLS  PWG - 22 - 308
      Criminal No. PWG-17-518 (VOSR)

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Sherrie Lynne Bryant (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **5 p.m. on August 12, 2022**, it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offense of Conviction and Violation of Supervised Release

1.      The Defendant agrees to plead guilty to Count One of an Information to be filed against her, which will charge the Defendant with wire fraud, in violation of 18 U.S.C. § 1343. The Defendant also agrees to admit to Violation Number 1 alleged in the supervised release petition now pending against her in Criminal No. PWG-17-518 (the "VOSR"). Violation Number 1 of the petition alleges that the Defendant was arrested and charged with Wire Fraud in the U.S. District Court on August 24, 2021, and therefore was in violation of Mandatory Condition #1 which states that the defendant shall not commit another federal, state, or local crime. The Defendant admits that the Defendant is, in fact, guilty of the offense in the Information, and of violating the terms of her supervised release as alleged in the petition, and will so advise the Court.

## Elements of the Offense and Violation of Supervised Release

2.      The elements of the offense and violation of supervised release to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

*Information (Criminal No. TBD)*

3.      Count One: That on or about the time alleged in the Information, in the District of Maryland: (1) there was a scheme or artifice to defraud, or to obtain money or property by materially false and fraudulent pretenses, representations, or promises, as alleged in the Information; (2) the Defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with the specific intent to defraud; and (3) in the execution of that scheme, the Defendant used or caused the use of the interstate wires, as specified in the Information.

*VOSR (Criminal No. PWG-17-518)*

4.      VOSR: That on or about the time alleged in the Petition, in the District of Maryland: (1) the Defendant was on supervised release; and (2) the Defendant violated a condition of supervised release.

Penalties

5.      The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

*Information (Criminal No. TBD)*

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 1343 | N/A | 20 years | 3 years | $250,000 or twice the gross gain (or loss), whichever is greater | $100 |

*VOSR (Criminal No. PWG-17-518)*

Violation of Supervised Release: The conviction underlying the Defendant's supervised release was pursuant to 18 U.S.C. § 1516 and, therefore, is a Class D felony. Pursuant to 18 U.S.C. § 3583(e)(3) and (h), the maximum sentence is two years of imprisonment and five years of supervised release, less any term of imprisonment imposed upon revocation of supervised release.

a.      Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.      Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant

Rev. August 2018

returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      d.     Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.     Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.     Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### · Waiver of Rights

6.     The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

### Information (Criminal No. TBD)

      a.     The Defendant has the right to have her case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against the Defendant. By agreeing to proceed by way of Information, the Defendant is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

      b.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      d.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

      e.     The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      f.     If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      g.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      h.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      i.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however,

and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

*VOSR (Criminal No. PWG-17-518)*

j.      If the Defendant had persisted in her plea of not guilty, the Defendant would have had the right: (1) to be assisted by competent counsel; (2) to receive written notice of the alleged violation; (3) to disclosure of the evidence against her; and (4) to a revocation hearing within a reasonable time.

k.      If the matter proceeded to a revocation hearing, the Defendant would have had an opportunity to appear, present evidence, and question any adverse witnesses (unless the Court determines that the interest of justice does not require the witness to appear).

l.      At any such revocation hearing, the Government would have to prove to the presiding Judge, by a preponderance of the evidence, that the Defendant violated a condition of supervised release.

m.      If the Defendant were found guilty at such a hearing, she would have the right to appeal the Court's finding of guilt and its decisions concerning the admissibility of evidence. By pleading guilty, the Defendant knowingly gives up the right to appeal the finding of guilt and the Court's decisions.

Advisory Sentencing Guidelines Apply

7.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

8.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

Count One of the Information

a.      This Office and the Defendant further agree that the applicable base offense level is **7**, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2B1.1(a)(1).

b.      A **12**-level increase applies, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the amount of actual or intended loss involved in the offense was more than $250,000 but less than $550,000.

c.      This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

9.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

## VOSR

10.     This Office and the Defendant further agree that, pursuant to U.S.S.G. § 7B1.1(a)(2), the advisory guidelines range for **Grade B** violations applies, because the most serious conduct alleged in the VOSR petition constitutes a federal, state, or local offense punishable by a term of imprisonment exceeding one year.

11.     The parties further agree that, at the time of her original conviction that provided her term of supervised release in the case underlying Criminal No. PWG-17-518, the Defendant had a criminal history category of **II**.

12.     Thus, the parties further agree that, pursuant to 7B1.4(a), the advisory guidelines range for the VOSR is **6-12 months**. Pursuant to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

13.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Rev. August 2018

## Obligations of the Parties

14.     At the time of sentencing, this Office agrees to recommend a sentence at the low-end of the applicable United States Sentencing Guidelines in Criminal No. [TBD] and a reasonable sentence in Criminal No. PWG-17-518.  The Defendant reserves the right to advocate for a reasonable sentence in Criminal No. [TBD] and Criminal No. PWG-17-518.  The parties reserve the right to advocate for a reasonable period of supervised release and/or fine in Criminal No. [TBD] and Criminal No. PWG-17-518, considering any appropriate factors under 18 U.S.C. § 3553(a).  This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.  At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

15.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     In Criminal No. [TBD], the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

i.     The Defendant reserves the right to appeal any term of imprisonment in Criminal No. [TBD] to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of **16**; and

ii.     This Office reserves the right to appeal any term of imprisonment in Criminal No. [TBD] to the extent that it is below any sentence within the advisory guidelines range resulting from an offense level of **16**.

c.     In Criminal No. PWG-17-518, the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for

Rev. August 2018

any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

          d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

       16.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

       17.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities: **a forfeiture money judgment in the amount of $419,100 in U.S. currency** equal to the total fraudulent loan proceeds obtained by the Defendant as a result of the scheme to defraud. The Defendant agrees that due to her acts or omissions, the full amount of the proceeds she obtained as a result of the conspiracy are not currently available to the Government, and therefore one or more of the conditions of 21 U.S.C. § 853(p) have been met and the Government is entitled to the forfeiture of substitute assets. In partial satisfaction of the forfeiture money judgment, the Defendant agrees to forfeit up to $419,100 in U.S. currency in funds held in the following as proceeds derived from or obtained by the Defendant as a result of the scheme to defraud or as substitute assets:

          a.     all funds remaining as of March 25, 2022, in Capital One bank account ending in 8072 held in the name of NOW LLC; and

          b.     all funds remaining as of March 25, 2022, in Capital One bank account ending in 2613 held in the name of NOW LLC.

       18.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

       19.     The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such

title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

20.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

<u>Restitution</u>

21.    The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which the parties stipulate is at least **$419,100.00**. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

22.    Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

23.    If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the

Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

24.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

25.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

Rev. August 2018

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

Rajeev R. Raghavan
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8/22/2022
Date

Sherrie Lynne Bryant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/27/22
Date

Charles Burnham, Esq.

Rev. August 2018