IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB-22-308 |
| | * | |
| SHERRIE LYNNE BRYANT, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 30, 2022, the United States of America filed an Information, charging Sherrie Lynne Bryant (the "Defendant") with wire fraud, in violation of 18 U.S.C. § 1343 (Count One); and

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant, of the offense alleged in Count One of the Information; and

WHEREAS, on October 27, 2022, the Defendant pled guilty to the offense alleged in Count One of the Information; and

WHEREAS, as part of her guilty plea, the Defendant agreed to entry of an order of forfeiture, as part of the Defendant's sentence, to include a money judgment of at least $419,100.00 in U.S. currency equal to the total fraudulent loan proceeds obtained by the Defendant as a result of the scheme to defraud; and

WHEREAS, the Defendant further agreed that due to her acts or omissions, the full amount of the proceeds she obtained as a result of the conspiracy are not currently available to the Government, and therefore one or more of the conditions of 21 U.S.C. § 853(p) have been

met and the Government is entitled to the forfeiture of substitute assets;

WHEREAS, the Defendant agreed to forfeit the following funds in partial satisfaction of the forfeiture money judgment as proceeds derived from or obtained by the Defendant as a result of the scheme to defraud or as substitute assets:

    a.    approximately $1,945.84 in funds held in Capital One Bank account ending in 8072 held in the name of NOW LLC; and

    b.    approximately $51,441.81 in funds held in Capital One bank account ending in 2613 held in the name of NOW LLC

(collectively, the "Subject Property");

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture imposing a money judgment in the amount of $419,100.00 in U.S. currency against the Defendant and forfeiting all of the Defendant's interests in the Subject Property to the United States;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, **a forfeiture money judgment in the amount of $419,100.00 in U.S. currency** is hereby entered against the Defendant.

3.    The Court further finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

4.    Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

5.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

6.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

8.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

9.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

11. The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

12. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

13. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

14. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

                                              Hon. Deborah L. Boardman
                                              United States District Judge

Dated: _____