IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DJB-22-308 |
| | * | CRIMINAL NO. DJB-17-518 |
| SHERRIE LYNNE BRYANT, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

On January 24, the Court requested written submissions answering several questions regarding the Defendant's expenditures of fraudulently obtained COVID-relief funds. Specifically, the Court asked for more information regarding the Defendant's business size and employees, as well as the nature and timing of the Defendant's expenditures of COVID-relief funds. As the Government's tracing analysis shows, Bryant spent at least $181,000 of her COVID-relief money on personal expenditures, sought and received forgiveness of her PPP loan, and only began repaying the loans months after being indicted.[1]

**I.      NOW LLC: Earnings, Employees, and Tax Returns**

Bryant was a managing member of NOW LLC, an LLC organized in Maryland in 2013. NOW LLC's stated business purpose was to "provide mentoring, education and training to underserved populations [and] to provide vocational rehabilitation and mental health support

---

[1] The Court also noted in its call with the parties that the plea agreement states that Bryant's conduct violated her "supervised release," *see* Dkt. No. 34 at 2, while Bryant actually violated her probation, *see* No. 17-cr-518- DLB, Dkt. No. 66. U.S. Sentencing Guideline § 7B1.3 provides the relevant terms for a violation of either supervised release or probation, and those terms apply the same to each status. Therefore, the Government understands that the operative terms of the plea agreement remain the same despite the error. The Government has no objection to clarifying that when the plea agreement refers to "supervised release" it, in fact, should have referred to "probation."

1

services to: children, youth and adults." But, as acknowledged in Bryant's Plea agreement, NOW LLC has been awarded multiple "janitorial services" contracts, and has described its line of business as "construction and contractors" in loan applications to the SBA.

As the plea agreement further states, Bryant reported that NOW LLC earned $69,524 in income on her 2019 Form 1040. In 2020, Bryant's submissions to Paychex indicate that NOW LLC had 6 employees and 39 independent contractors that year, although 2 individuals were double counted as both employees and contractors. *See* Ex. 1 (Paychex Subpoena Response Excerpts).

Pursuant to the investigation, the Government obtained the Defendant's Form 1040 (U.S. Individual Income Tax Return) for Tax Year 2018, Forms 940 (Employer's Annual Federal Unemployment Tax Return) and 941S (Employer's Quarterly Federal Tax Return) for Now LLC for Tax Years 2018 through 2020, and Form 1065 (U.S. Return of Partnership Income) for Now LLC for Tax Year 2018.[2]  Bryant did not file personal tax returns for the period December 31, 2019 through 2020.

These tax returns are the basis for the Defendant's agreement in her Plea Agreement that she falsely inflated NOW LLC's gross revenues in support of her March 2020 EIDL Loan Application:

> On March 30, 2020, BRYANT submitted an EIDL loan application for $89,500 using the SBA web portal. In the EIDL loan application, BRYANT stated that NOW LLC earned approximately $475,610 in gross revenues during the twelve months prior to January 31, 2020. BRYANT further stated that NOW LLC incurred cost of goods sold of $276,614 during the same period.  This information was false. For example, the income reported on BRYANT's Form 1040 for 2019 from "No Opportunity Wasted"—using the same EIN listed for NOW LLC—was $69,524.00.  NOW LLC did not file a partnership tax return for the 2019 tax year. If NOW LLC earned the income detailed in BRYANT's EIDL loan application, that would have resulted in a filing requirement for NOW LLC.

---

[2] These returns were produced in Discovery to the Defendant on or about November 12, 2021.

**II.     Tracing Bryant's Personal Use and Repayment of Covid Relief Funds**

The Government has analyzed Bryant's expenditures following her receipt of the four relevant loan installments: (1) the $10,000 advance of the EIDL loan; (2) the $21,200 PPP loan; (3) the first $89,400 installment of her EIDL loan; and (4) the second $298,500 installment of her EIDL loan. In total, Bryant received approximately $419,100 in EIDL and PPP loans between March 2020 and June 2021.

Each of the loan proceeds were deposited into either NOW LLC's Capital One Account ending in 8072 ("Capital One 8072") or its Capital One account ending in 2613 ("Capital One 2613"). Bryant was known to transfer these funds among three other accounts as well: a Navy Federal Credit Union account ending in 7366, a Navy Federal Credit Union account ending in 7002, and a Capital One account ending in 7912. Through its analysis, the Government estimates that Bryant spent at least $181,000 of her COVID-relief money on personal expenditures. And Bryant only began to repay these loans months after she had been indicted.

   a. *The Government's Methodology*

To trace the flow of fraud proceeds into and through Bryant's and NOW LLC's financial accounts at Capital One and Navy Federal Credit Union, Government agents applied the Lowest Intermediate Balance Rule (the "LIBR"). Under this rule, "where the balance of an account into which tainted proceeds are deposited subsequently dips below the amount of those tainted proceeds, the only tainted funds thereafter traceable to the account are funds equal to that lowest account balance." *United States v. Miller*, 911 F.3d 229, 234 (4th Cir. 2018).[3] In other words, the

---

[3] For example, suppose a defendant deposits $50,000 of laundered proceeds into an account with a balance of $100,000, yielding a new balance of $150,000. The launderer then spends $120,000 and buys, inter alia, a $20,000 car, leaving the account with only a $30,000 balance. The LIBR

LIBR presumes that "proceeds remain in the account as long as the account balance is equal to or greater than the amount of the proceeds deposited." *Sony Corp. of Am. v. Bank One, W. Virginia, Huntington NA*, 85 F.3d 131, 138 (4th Cir. 1996) (citation omitted).[4]

Applying the LIBR here, the Government analyzed expenditures from NOW LLC's accounts for the time following the deposits of the respective loan installments until the running balance equaled or nearly equaled the combined running balance before NOW LLC received the relevant loan installments. The Government then categorized certain expenditures within this period as "presumed personal expenditures." The Government was conservative in its approach. For example, Bryant wrote several thousands of dollars' worth of personal checks, made numerous Amazon purchases, made two credit card payments, and paid two individuals through PayPal and Cash App using NOW LLC's first EIDL installment of $89,400. Because these payments were not facially of a personal nature, the Government did not include them as "presumed personal expenditures."

There was one limitation on the Government's tracing analysis. The Government only analyzed bank statements that extended up to August 31, 2021. At that date, Bryant had only used $213,457.88 of the second EIDL payment (which totaled $298,500). Because the Government did not receive bank statements that detailed the disposition of the remaining funds,

---

precludes ascribing more than $30,000 in fraudulent proceeds to that bank account thereafter, even if the balance of the account subsequently rises above $50,000 through the deposit of legitimate proceeds. But it permits tracing $20,000 to the car that the money launderer purchased with tainted funds. *See Miller*, 911 F.3d at 234.

[4] In *Sony*, the plaintiff held a security interest in $242,468.50 that was deposited into a company's checking account. The company deposited an unrelated $250,000 sum to the same account and then transferred $78,266.64 from that checking account to a savings account. Notwithstanding the fact that the checking account balance at all relevant times was higher than the amount of the secured funds, the Court allowed Sony to trace its security interest to the $78,266.64 in the company's savings account. *Sony*, 85 F.3d at 138-39.

the Government was only able to analyze the disposition of $213,457.88 of that loan payment's proceeds. That means $85,042.12 of the loan proceeds, which remained in Bryant's accounts as of August 31, 2021, have not been traced to disposition

> b. *Bryant's Personal Expenditures and Repayment by Loan*

In her Plea Agreement, the Defendant admitted that she spent loan proceeds on personal expenditures, including "paying for her car and a boat, using the funds to pay for a vacation, and tickets to sporting events." However, the Government provides the additional below context to illustrate the significant funds that were conservatively determined, after applying the LIBR analysis, to be personal expenditures paid for by loan proceeds.

EIDL Advance

Bryant received a $10,000 advance on her EIDL loan in Capital One 8072 on April 15, 2020. She had dispensed these funds by April 20, 2020. After applying LIBR, of the total expenditures during this period, $1,804 – or 17% – were personal expenditures. These included a $1,133.34 payment to the Washington Wizards NBA team, payments to a gym, and life insurance payments. (blue highlights indicate presumed personal expenditures)

| Expenses | | | | |
|---|---|---|---|---|
| IRS Description | Total | | Loan Deposit: | 10,000.00 |
| 24 Hour Fitness | (44.09) | | Expenditures Considered: | (10,035.05) |
| Amazon Marketplace | (136.13) | | Presumed Personal Expenditures: | (1,804.68) |
| Beunique Bodyworks Suitland | (70.00) | | | |
| Check | (4,762.50) | | Ratio of Presumed Personal Expenditures | 17.984% |
| Chick Fil A | (46.71) | | | |
| Debt Consolidation | (110.15) | | | |
| Dental Insurance | (25.89) | | | |
| Efax Services | (16.95) | | | |
| Experian Credit Report | (15.89) | | | |
| Extra-Space 1195 Lanham MD | (115.00) | | | |
| Globe Life Insurance- Sherrie Bryant | (200.75) | | | |
| Netflix | (11.99) | | | |
| Panera Bread | (34.40) | | | |
| Payment to Individual - Cash App | (2,800.00) | | | |
| Paypal Transfer to NOW Health Check | (290.25) | | | |
| Progressive Lease Payments | (94.63) | | | |
| Sirius XM | (26.70) | | | |
| Smoothie King | (6.03) | | | |
| Target | (93.65) | | | |
| Washington Wizards | (1,133.34) | | | |
| Grand Total | (10,035.05) | | | |

*See also* "EIDL ADV $10,000" and "EIDL ADV Pivot" tabs on the Excel Native.[5]

Advances on EIDL loans did not need to be repaid according to the terms of the loan. Therefore, Bryant did not need to request forgiveness on the EIDL Advance.

| EIDL 4472907403 - Advance | 10,000.00 |
|---|---|
| Account: | 8072 - Business |
| Date Deposited: | 4/15/2020 |
| Date of Full Disposition: | 4/20/2020 |
| Total Expenditures: | (10,035.05) |
| Presumed Personal Expenditures: | (1,804.68) |
| | |
| Ratio of Presumed Personal Expenditures to Total Expenditures | 17.984% |
| | |
| Forgiveness Requested? | N/A |

PPP Loan

---

[5] This will be emailed as a courtesy copy to the Court and Defendant's counsel.

Bryant received a $21,200 PPP loan NOW LLC's Capital One 2613 account on May 6, 2020. She had dispensed these funds by May 8, 2020. None of these expenditures were presumed personal expenditures.

| Expenses | | | | |
|---|---|---|---|---|
| IRS Description | Total | | Loan Deposit: | 21,200.00 |
| Amazon Marketplace | (23.21) | | Expenditures Considered: | (23,221.44) |
| Bank Fee | (15.00) | | Presumed Personal Expenditures: | - |
| Check - Antoinette Marshall | (429.00) | | | |
| Check - Sherrie Bryant | (5,500.00) | | Ratio of Presumed Personal Expenditures | 0.000% |
| Insurance | (668.26) | | | |
| Payment to Individual - Cash App | (120.00) | | | |
| Payroll | (16,465.97) | | | |
| Grand Total | (23,221.44) | | | |

See also "PPP LOAN $21,200" and "PPP LOAN Pivot" tabs on the Excel Native.

Bryant's PPP loan, which was obtained through Virginia National Bank, was forgiven on August 20, 2021. *See* Dkt. No. 42-1 (Virginia National Bank Letter dated Oct. 19, 2022) It appears that Bryant submitted a payment of $21,477.96 to Virginia National Bank (the loan's servicer) several months after the Government indicted her in August 2021. *Id.* Virginia National Bank acknowledged and remitted this payment to the Small Business Administration in October 2022. *Id.*

| | |
|---|---|
| PPP Loan 1: 3025207300 | 21,200.00 |
| | |
| Account: | 2613 - Business |
| Date Deposited: | 5/6/2020 |
| Date of Full Disposition: | 5/8/2020 |
| Total Expenditures: | (23,221.44) |
| Presumed Personal Expenditures: | - |
| | |
| Ratio of Presumed Personal Expenditures to Total Expenditures | 0.000% |
| | |
| Forgiveness requested? | Yes |

EIDL Payment 1

Bryant received the first EIDL payment of $89,400 in Capital One 8072 on May 12, 2020.[6] She had dispensed these funds by Oct. 7, 2020. Of the total expenditures during this period, $46,815 – or over 53% – were personal expenditures. These included $30,000 in payments for a newly purchased car, another $2,900 to the Washington Wizards, $3,000 spent at "Superior Fireplace and Hot Tubs" and thousands of dollars more spent on shopping and vacation expenses (blue are presumed personal expenses):

---

[6] The loan amount was $89,500, but $100 was subtracted for fees.

| Sum of Combined IRS Description | Total | | | |
|---|---|---|---|---|
| | | Loan Deposit: | | 89,400.00 |
| Amazon Marketplace | (1,794.39) | Expenditures Considered: | | (87,067.88) |
| Apple | (2.99) | Presumed Personal | | (46,815.61) |
| Bank Fee | (25.00) | | | |
| Best Buy | (305.82) | Ratio of Presumed Personal Exper | | 53.769% |
| Business | (506.35) | | | |
| Capital One – Credit Card Payment | (1,943.70) | | | |
| Car | (30,243.00) | | | |
| Cash App – Giovanna | (60.00) | | | |
| Chase – Credit Card Payment | (500.00) | | | |
| Check – Antoinette Marshall | (429.00) | | | |
| Check – Crystal Ornduff | (802.50) | | | |
| Check – Earl Richardson | (175.00) | | | |
| Check – Gary Jones | (672.00) | | | |
| Check – James Peaks | (350.00) | | | |
| Check – Jessica Harding | (2,050.00) | | | |
| Check – Lawrence Gay Jr. | (550.00) | | | |
| Comenity – Credit Card Payment | (411.16) | | | |
| Custom Ink | (843.78) | | | |
| Dental Insurance | (25.89) | | | |
| Equifax | (19.95) | | | |
| Experian | (15.89) | | | |
| Food | (246.94) | | | |
| Groceries | (9.99) | | | |
| Home Depot | (2,535.36) | | | |
| Insurance | (417.11) | | | |
| Life Insurance | (200.75) | | | |
| Loan Payment | (546.69) | | | |
| MD Government | (214.00) | | | |
| Mortgage Payment | (4,870.00) | | | |
| Netflix | (27.98) | | | |
| Office Depot | (211.98) | | | |
| Payment to Individual – Cash App | (3,764.00) | | | |
| PayPal – Tanya | (2,392.50) | | | |
| Payroll | (16,209.72) | | | |
| Peloton | (39.00) | | | |
| Security | (179.99) | | | |
| Shopping | (1,763.27) | | | |
| Sirius XM | (26.70) | | | |
| Storage | (575.00) | | | |
| Superior Fireplace and Hot Tubs | (3,000.00) | | | |
| Synchrony Bank – Credit Card Payme | (1,037.75) | | | |
| Target | (301.22) | | | |
| Taxi Service | (69.11) | | | |
| Therapy | (70.00) | | | |
| ULINE Shipping Supplies | (31.87) | | | |
| Unknown | (454.44) | | | |
| Vacation | (2,693.64) | | | |
| Verizon | (366.30) | | | |
| Walmart | (103.50) | | | |
| Washington Wizards | (2,982.65) | | | |
| **Grand Total** | **(87,067.88)** | | | |

*See also* "EIDL PMT 1 $89,400" and "EIDL PMT 1 Pivot" tabs on Excel Native.

EIDL loans cannot be forgiven, and Bryant did not ask that hers be forgiven. Bryant repaid the principal of this EIDL installment through a single $89,500 payment made April 28, 2022 – well after she had been indicted.

| EIDL 4472907403 - Payment 1 | 89,400.00 |
|---|---|
| Account: | 8072 - Business |
| Date Deposited: | 5/12/2020 |
| Date of Full Disposition: | 10/7/2020 |
| Total Expenditures: | (87,067.88) |
| Presumed Personal Expenditures: | (46,815.61) |
| Ratio of Presumed Personal Expenditures to Total Expenditures | 53.769% |
| Forgiveness requested? | N/A |
| Repayment 1: 4/28/2022 | 89,500.00 |

EIDL Payment 2

Bryant received the second EIDL payment of $298,500 in Capital One 8072 on June 28, 2021. Analyzing bank statements under the LIBR through August 31, 2021, Bryant had only used $213,457.88 of the second EIDL payment as of that date. Of those expenditures through August 31, 2021, $133,089.61 were personal expenditures. These included $17,700 spent on a boat purchase, $14,000 in shopping expenses, $11,444 in student loan payments, $10,000 in personal mortgage payments, a $60,000 payment to a property company, and over $3,000 in additional car payments (blue are presumed personal expenses):

10

| Expenses | |
|---|---|
| IRS Description | Total |
| 7Eleven | (4.77) |
| Adobe | (80.52) |
| Amazon Marketplace | (3,355.53) |
| Apple | (27.16) |
| Baltimore | (238.25) |
| Bank Fee | (67.00) |
| Boat | (17,700.00) |
| Business | (300.90) |
| Car | (3,492.27) |
| Cash | (6,713.50) |
| Chase - Credit Card Payment | (2,063.87) |
| Check - Antoinette Schaefer | (5,747.00) |
| Check - Earl Richardson | (990.00) |
| Check - Gary Jones | (2,532.00) |
| Check - Giovanna Vannall | (7,500.00) |
| Check - James Peaks | (1,320.00) |
| Check - James Smith | (1,755.00) |
| Check - Jeremy Knott | (655.40) |
| Check - Keith Burgess | (5,432.80) |
| Check - Kevin Raines | (2,680.00) |
| Check - Lamont Owens | (910.00) |
| Check - Lawrence Gay Jr. | (2,250.00) |
| Check - Leon Thomas | (2,215.60) |
| Check - Natasha Barrett | (868.00) |
| Check - Parrie Alexander | (440.00) |
| Check - Sen Joanne C Benson Community Youth Legacy Scholarship | (100.00) |
| Check - Sharice Lomax | (649.60) |
| Check - Sherald Properties | (60,000.00) |
| Check - Waynesley Griffith | (2,823.60) |
| Custom Ink | (693.85) |
| DC Government | (1,970.00) |
| Debt Consolidation | (1,287.44) |
| Dental Insurance | (51.78) |
| Dropbox | (39.98) |
| Ebay | (147.34) |
| Equifax | (39.90) |
| Equipment | (145.90) |
| Etsy | (49.82) |
| Flight | (1,863.78) |
| Food | (1,781.38) |
| Gas | (1,033.42) |
| Google | (3.98) |
| Groceries | (1,339.06) |
| Home Depot | (2,185.57) |
| Insurance | (4,341.06) |
| LA Fitness | (99.98) |
| Laundry | (41.00) |
| Life Insurance | (756.90) |
| Loan payment | (1,798.82) |
| MD Government | (344.20) |
| Medical | (1,893.84) |
| Mortgage payment | (10,000.00) |
| Netflix | (38.14) |
| NFCU | (21,539.80) |
| NOW LLC | (5,105.52) |
| Office Depot | (25.42) |
| Party City | (161.99) |
| Payroll | (66,055.26) |
| Peloton | (82.68) |
| Recreation | (3,348.12) |
| Shopping | (14,248.74) |
| Storage | (2,581.92) |
| Student loan | (11,444.65) |
| Tax Preparer | (180.19) |
| Taxi Service | (207.11) |
| Therapy | (580.00) |
| Travel | (38.50) |
| Union Church | (50.00) |
| Unknown | (10,423.70) |
| VA Government | (6.00) |
| Vacation | (931.83) |
| **Grand Total** | **(302,230.80)** |

| | |
|---|---|
| Loan Deposit: | 298,500.00 |
| Expenditures Considered: | (302,230.80) |
| Loan Proceeds Traced to Disposition: | (213,457.88) |
| Loan Proceeds not Traced to Disposition: | (85,042.12) |
| **Presumed Personal Expenditures:** | **(133,089.61)** |

11

*See also* "EIDL PMT 2 $298,500" and "EIDL PMT 2 Pivot" tabs on the Excel Native.

EIDL loans cannot be forgiven, and Bryant did not ask that hers be forgiven. Bryant repaid the principal of this second EIDL installment through three payments made on May 10, 2022, May 13, 2022, and August 2, 2022 – all after the Government had indicted her. The interest on this EIDL loan remains outstanding as of the Government's prior sentencing submission: $17,325.

| EIDL 4472907403 - Payment 2 | 298,500.00 |
|---|---|
| Account: | 8072 - Business |
| Date Deposited: | 6/28/2021 |
| Date of Full Disposition: | N/A |
| Total Expenditures: | (302,230.80) |
| Loan Proceeds Traced to Disposition: | (213,457.88) |
| Loan Proceeds Not Traced to Disposition: | (85,042.12) |
| **Presumed Personal Expenditures:** | (133,089.61) |
| | |
| **Ratio of Presumed Personal Expenditures to Total Expenditures** | 44.036% |
| | |
| **Forgiveness requested?** | N/A |
| | |
| **Repayment 1:** | |
| | 5/10/2022 |
| | 100,000.00 |
| **Repayment 2:** | |
| | 5/13/2022 |
| | 100,000.00 |
| **Repayment 3:** | |
| | 8/2/2022 |
| | 98,500.00 |
| **Total** | |
| | 298,500.00 |

Total

Combining the analysis of the four loan installments discussed above, Bryant made $181,709.90 in personal expenditures using the funds received through her fraudulently obtained EIDL and PPP loans. *See also* "Summary" and "Total Disposition" tabs on the Excel Native.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
Kelly O. Hayes
Joseph L. Wenner
Assistant United States Attorneys
